**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                             :

AGATHA REGAL-GUERRA, on behalf of herself :
and all others similarly situated,         :
                             :

        Plaintiff,        :  Civil Action No.
                             :

vs.                        :  **CLASS ACTION COMPLAINT AND**
                           :  **JURY TRIAL DEMAND**

WELTMAN, WEINBERG & REIS CO., L.P.A., :
                             :

        Defendant.      :
                             :
—————————————————————X

       Plaintiff AGATHA REGAL-GUERRA, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant"), the following:

**PRELIMINARY STATEMENT**

       1.    Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief WELTMAN, WEINBERG & REIS

CO., L.P.A. ("WWR") is a debt collector with a street address of 3705 Mariane Drive,

Grove City, Ohio.

2

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12.      The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that

the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

> a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

> b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

> c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

> g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

4

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.     Prior to April 1, 2020, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. ("Citibank") related to a Sears store branded credit card ("the Debt").

15.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged Citibank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to April 1, 2020, the Citibank Debt obligation became past due with a balance of $4,177.92.

19.     At some point prior to April 1, 2020, the Debt was sold, assigned and/or transferred to Portfolio Recovery Associates, LLC ("PRA") who became the new owner of the Debt.

20.     At the time the  Debt was sold, assigned and/or transferred to  PRA, the account balance was past due.

21.     Subsequently, PRA sold, assigned and/or transferred the Debt to Defendant for purposes of collection.

22.     On or about April 1, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $4,177.92.  See, attached Exhibit A.

23.     The April 1, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

24.     The Collection Letter was sent in connection with the collection of the Debt.

25.     The April 1, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

26.     The Collection Letter was the first written communication by Defendant to Plaintiff with respect to the Debt.

27.     The Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

28.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

31.     In order to be entitled to obtain verification of the debt or a copy of a

judgment against the consumer, the consumer must dispute the debt in writing.

32.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

34.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

35.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

38.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

39.     The Collection Letter included the following statement ("The Statement"):

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

40.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

41.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

42.     The Collection Letter two separate addresses for Defendant.

43.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the two  addresses the debt dispute letter should be sent.

44.     The top and the bottom left of the Collection Letter provide a first address for Defendant ("the First Address") of:

> 3705 Mariane Drive
> Grove City, OH 43123

45.     The  bottom right of the Collection Letter contains a second address for Defendant (the "Second Address"):

> PO Box 93596
> Cleveland, OH  44101-5596

46.     The least sophisticated consumer may believe that he or she would have to send two separate letters, one to each of the two addresses, in order to dispute the Debt.

47.     Alternatively, the least sophisticated consumer may decide not to dispute the Debt since he or she would not know which of the two addresses to use to dispute the

Debt.

48.     The least sophisticated consumer may decide not to dispute the debt if he or she believes that dispute letters would have to be sent to each address, since disputing the debt to two separate addresses would be too burdensome.

49.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

50.     As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

51.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

52.     Additionally, the bottom of the Collection Letter contains the following language:

> Electronic check conversion. Paying by check authorizes WWR to use the information on our check to make a one-time electronic fund transfer from your account.  Funds may be withdrawn from your account as soon as your payment is received. Your original check will be destroyed once processed.

53.     Yet, the Collection Letter fails to identify who the "WWR" identified in the Electronic check conversion language is.

54.     The least sophisticated consume may believe that WWR us a third-party and not understand why WWR would be authorized to act should a payment not be made.

55.     The use of the term WWR rending the Collection Letter deceptive, misleading and/or confusing.

56.     Furthermore, Defendant's request for payment within the "30 day dispute period" coupled with the "warning" that checks would be deposited immediately and not returned without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the validation notice ineffective.

57.     Without the inclusion of a "Reconciling Statement", Defendant's letter violates the FDCPA as it overshadows and renders the validation notice ineffective.

58.     Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000)

59.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA.  If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified?  If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

60.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

61.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

62.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

63.     Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

64.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

65.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

66.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

67.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

68.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

69.     Plaintiff repeats the allegations contained in paragraphs 1 through 68 as if the same were set forth at length.

70.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

71.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey

March 31, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070
     (201) 507-6300
     *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 31, 2021          By: s/ Lawrence C. Hersh
                                      Lawrence C. Hersh, Esq.

14

EXHIBIT A

# Weltman, Weinberg & Reis Co., LPA

3705 Marlane Drive Grove City, OH  43123
614-408-5780 | 800-470-2286 | TTY - 711
MON-FRI 8:00 AM - 4:45 PM EST

April 1, 2020

AGATHA REGALGUERRA
███████████████

RE:   Current Creditor:  PORTFOLIO RECOVERY ASSOCIATES, LLC
        Original Creditor: CITIBANK, N.A. - SEARS
        Original Creditor Account Number: XXXXXXXXXXXX0536
        WWR File Number: ████499
        Balance Due as of 04/01/20: $4,177.92

Dear AGATHA REGALGUERRA:

Please be advised that the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us at 800-470-2286 to discuss an appropriate resolution for this matter.  Additionally, you may be able to pay on your account online via our web pay website at www.wwrepay.com.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

ICSWELT03923

---

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

3705 Marlane Drive
Grove City, OH  43123
ADDRESS SERVICE REQUESTED

WWR FILE NUMBER: ████499
Balance Due as of 04/01/20: $4,177.92

April 1, 2020

514314389
‖ıl‖‖‖ı‖‖ı‖ı‖ı‖‖‖‖ı‖ı‖ı‖ıı‖‖ı‖ıı‖ıı‖‖ıı‖ı‖
AGATHA REGALGUERRA
███████████████

Weltman, Weinberg & Reis Co., L.P.A.
P.O. Box 93596
Cleveland, OH  44101-1596

Electronic check conversion: Paying by check authorizes WWR to use the information on your check to make a one-time electronic fund transfer from your account. Funds may be withdrawn from your account as soon as your payment is received. Your original check will be destroyed once processed.

923/29396924/109525